Nash, C. J.
 

 Two points are made in the defense:
 
 first,
 
 that the prosecutrix consented to the act of the defendant for which he is now indicted; and
 
 secondly,
 
 that the Court violated the act of 1794 in the charge to the jury. The charge as required was substantially given with the exception of the last clause. IIow the Court could be required to tell the jury that if the defendant intended no rudeness or insult, he was not guilty, in the absence of all evidence to show that such was the fact, is somewhat strange. His Honor’s charge was as favorable to the defendant as it could have been. The case was one of mere credibility.
 

 The charge did not violate the act of 1794. The credibility of the State’s witness was impeached by the cross examination: she denied that she assented to his lying on the bed, but that he put his arm around her nock against her will; that when he got upon the bed she was asleep. The Judge instructed the jury that if they believed the witness, the defendant was guilty; in other words, if they believed from her
 
 *203
 
 testimony that the defendant committed the acts complained of, in the way the witness swore they were committed, that they amounted to an assault and battery. The act of Assembly forbids a Judge on the trial of a cause “ to give an opinion whether a fact is fully or sufficiently proved;” but it does not forbid him to tell the jury if, from the evidence, they believe the fact to exist, what the law is upon the point and to apply the law to the facts; which is in substance what the Judge charged here.
 

 Pee CueiaM. Judgment affirmed.